# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1908V
Filed: July 18, 2025

|  |  |
|---|---|
| ALICE RIVERA,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner |

*Michael Adly Baseluos,* Baseluos Law Firm, PLLC, San Antonio, TX, for petitioner.
*Mary Eileen Holmes,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

  On December 21, 2020, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2]  (ECF No. 1.)  Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), or alternatively a shoulder injury caused-in-fact by her vaccination, following her receipt of an influenza ("flu") vaccine on October 26, 2019.  (*Id.*)  Based on the allegations of the petition, the case was initially assigned to the Chief Special Master for potential informal resolution as part of the Special Processing Unit ("SPU").  (ECF Nos. 19-20.)  However, settlement discussions were unsuccessful, and the Chief Special Master reassigned the case to the undersigned on June 3, 2025, in light of petitioner's request that she be permitted to file an expert report.  (ECF Nos. 87-88.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

On February 20, 2024, while the case was still pending in the SPU, petitioner moved for an award of interim attorneys' fees and costs totaling $37,883.25, including $36,642.00 in attorneys' fees and $1,241.25 in attorneys' costs. (ECF No. 61, p. 4.) Respondent filed his response on February 28, 2024. (ECF No. 62.) Respondent argued that an interim award of attorneys' fees and costs was not appropriate given that the case remained in the SPU. (*Id.* at 2.) However, respondent deferred to the special master with respect to the statutory requirements for an award of attorneys' fees and costs. (*Id.* at 3.) Additionally, respondent objected to certain billing and costs. (*Id.* at 4.) Petitioner did not file a reply.[3]

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In this case, respondent does not dispute this petition had a reasonable basis, instead deferring to the special master on that point. (ECF No. 62, p. 3.) Moreover, the Chief Special Master observed in his prior finding of fact that, although a Table claim may be doubtful, "a non-Table claim is likely viable," albeit requiring expert support that remains outstanding at this time. (ECF No. 79, p. 14.)

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. Here, respondent's objection was premised on the streamlined and expedited nature of SPU proceedings, but that argument was essentially mooted by the reassignment of the case to the undersigned for more thorough litigation. The amount at issue on this motion just barely meets the minimum threshold for attorneys' fees that special masters have often used to assess when a hardship is likely indicated, though the costs fall well below what could be considered significant. *E.g.*, *Chinea v. Sec'y of Health & Human Servs.*, No. 15-95V, 2019 WL 3206829, at *2 (Fed. Cl. Spec. Mstr. June 11, 2019) (observing three factors that have been considered when exercising discretion to award interim attorneys' fees: (1) whether the fee request exceeds $30,000; (2) whether the costs requested, in the aggregate, are more than $15,000; and

---

[3] After this case was reassigned to the undersigned, petitioner's counsel e-mailed my law clerk on June 16, 2025, copying respondent's counsel, asking whether I would entertain the motion for interim fees and costs. He indicated that "I can file a response to Respondent's objections if the Court is going to entertain my request for interim fees." However, as the docket reflects, the deadline for petitioner's filing of any reply was March 6, 2024. *See also* Vaccine Rule 20(b)(2) ("A reply to a response or an objection may be filed within 7 days after service of the response or objection.")

(3) if the case has been pending for more than 18 months (citing *Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017))).  Given that counsel of record is a solo practitioner, and given the length of time this case has remained pending, I have concluded as a matter of discretion that an interim award is appropriate.[4]

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347-48.  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Attorneys' costs must be reasonable as well.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.  Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

Regarding the reasonableness of the requested attorneys' fees, the undersigned has reviewed the attorney billing records submitted with petitioner's request.  (ECF No. 61-1.)  I find that the amount requested is reasonable.  The hourly rates at which Mr.

---

[4] Counsel is cautioned that multiple motions for interim attorneys' fees and costs are disfavored.  *See, e.g.*, *Patel v. Sec'y of Health & Hum. Servs.*, No. 16-848V, 2019 WL 2296818, at *2 n.3 (Fed. Cl. Spec. Mstr. Apr. 11, 2019) (one special master noting "it is not my practice to allow multiple interim awards of fees and costs . . . and [petitioner] should therefore refrain from requesting another interim award again until the case fully concludes"); *see also Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2019 WL 5709372, at *2 (Fed. Cl. Spec. Mstr. Oct. 11, 2019) (the undersigned granting a second interim fee award where the Court of Federal Claims entertained a stay of respondent's motion for review).  Even accounting for the fact that this case has been removed from the SPU, I do not anticipate that litigation of this case will be extensive enough to warrant a second interim award of attorneys' fees and costs.  I will closely consider whether fees associated with the preparation and filing of any such a motion were reasonably incurred.

3

Baseluos has billed for work performed in years 2020 through 2024 are consistent with what has been awarded in prior cases. *E.g.*, *Romero v. Sec'y of Health & Human Servs.*, No. 18-1625V, 2024 WL 3878869, at *3 (Fed. Cl. Spec. Mstr. Jul. 26, 2024); *Bristow v. Sec'y of Health & Human Servs.*, No. 19-457V, 2022 WL 17821111, at *5 (Fed. Cl. Spec. Mstr. Nov. 15, 2022). Respondent objects to hours billed for petitioner's untimely reply on her motion for a ruling on the written record. (ECF No. 62, p. 4 (citing ECF No. 61-1, pp. 13-15; ECF No. 55).) However, subsequent to the parties' briefing of the instant motion, the Chief Special Master did consider petitioner's reply in reaching a finding of fact in this case despite the fact that the reply was late. (ECF No. 79, p. 4.) Because the Chief Special Master accepted the late reply without comment and considered the substantive arguments made therein, I conclude that this moots respondent's objection.

Regarding the reasonableness of the requested costs, respondent objects to the cost associated with securing the narrative report by Dr. Omar Hussamy. (ECF No. 62, p. 4 (citing Ex. 31; ECF No. 61-2, p. 9).) Respondent argues that, because Dr. Hussamy is petitioner's employer, there is a direct conflict of interest, meaning it was unreasonable and inappropriate to retain Dr. Hussamy to provide an opinion in this matter. (*Id.*) However, there are additional issues that require elucidation. First, the single receipt provided in support of this cost indicates only that a payment was made in the total amount of $600 with an added handwritten note suggesting the payment was for a "narrative report." (ECF No. 61-2, p. 9.) Thus, even before reaching respondent's concern, I am unable to tell from the receipt alone, with no accompanying invoice, whether the amount sought would be reasonable under a lodestar analysis – while the amount is obviously low, the narrative is also not substantial. However, it is also not clear whether Dr. Hussamy has actually participated in this case as an expert. His letter only indicates that he was asked "to provide a narrative report" regarding his patient, with no indication he had been retained to provide an expert opinion. (Ex. 31, p. 1.). The resulting narrative hews fairly closely to what could fairly be characterized as the observations of a treating physician, which he was. *Zumwalt v. Sec'y of Health & Human Servs.*, No. 16-994V, 2018 WL 6975184, at *5 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) (finding that the treating physician as a fact witness "should receive some fee for taking the time to testify," but not a fee equivalent to an expert). Finally, and relatedly, it is not entirely clear for what specific purpose petitioner sought out Dr. Hussamy's narrative, especially because it was filed after petitioner had already moved for a ruling on the written record. This, of course, has bearing on whether the cost was reasonably incurred.

Given all of these issues, I will deny the requested reimbursement of $600 for Dr. Hussamy's narrative without prejudice so that the parties may address this cost in greater depth in connection with final fees and costs. *Accord Doe v. Sec'y of Health & Human Servs.*, No. 02-411V, 2011 WL 6941671, at *8-9 (Fed. Cl. Spec. Mstr. Oct. 26, 2011) (declining to rule on an interim basis where the status of the witness was unclear). Petitioner may resubmit this cost with an appropriate invoice and explanation as part of her final motion for attorneys' fees and costs and may then address

4

respondent's objection.[5]  I have otherwise concluded that the requested costs are reasonable and sufficiently documented.

**Accordingly, petitioner is awarded interim attorneys' fees and costs in the total amount of $37,283.25, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[5] Petitioner is also now on notice as to respondent's objection to this cost and is therefore encouraged to address the objection in her initial motion rather than waiting for her opportunity to file a reply.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.